UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

KATE ANN BYRNES, ROBERT H.
WEIL, JR. and WILLIAM A. SIMMONS,
in their capacity as Trustees of the
S. Zannie Hoyt Revocable Living Trust,

                Plaintiff,

    v.

WILLIAM A. SIMMONS and KATE ANN
BYRNES, in the capacity as Trustees of the
S. Zannie Hoyt Charitable Remainder Annuity
Trust F/B/O Carlos Roybal and the AOH
Foundation, AOH Foundation, and CARLOS
G. ROYBAL,

                Defendants.

No. CV 10-701-MO

OPINION AND ORDER

**MOSMAN, J.,**

      Plaintiff filed this action in interpleader after receiving notice that both Carlos Roybal and the AOH Foundation intend to pursue competing claims against the Hoyt Trust for their putative stake in the S, Zannie Hoyt Revocable Living Trust ("Hoyt Trust"). Based on the allegations in the Interpleader Complaint, plaintiffs have made a prima facie showing that the Court may assume interpleader jurisdiction under 18 U.S.C. § 1335(a). There is minimal diversity between at least two adverse claimants and the amount in controversy exceeds $500. (*See* Interpleader Compl. (#1) ¶¶ 1, 8, 10 (alleging that Mr. Roybal is a resident of New Mexico, the AOH Foundation is headquartered and administered in Oregon, and the amount in controversy is

-1-

$1,000,000.)

In addition to minimal diversity and an amount in controversy over $500, "[d]eposit of the disputed funds in the court's registry is a jurisdictional requirement to statutory interpleader under 28 U.S.C. § 1335." *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81-82 (9th Cir. 1982); *see also United States v. Major Oil Corp.*, 583 F.2d 1152, 1157 (10th Cir. 1978); *First Interstate Bank of Oregon, N.A. v. United States*, 891 F. Supp. 2d 543, 548 (D. Or. 1995); 18 U.S.C. § 1335 (authorizing district courts to exercise original jurisdiction over interpleader actions "if the plaintiff has deposited such money . . . into the registry of the court"). On June 18, 2010, plaintiffs moved to deposit the disputed funds into the registry of the court. (Pls.' Mot. to Deposit Funds Into a Trust Bearing Account (#2).) A party may deposit funds with the court "on notice to every other party." Fed. R. Civ. P. 67(a). Counsel for plaintiffs certified that he began the process of serving plaintiffs' Motion to Deposit Funds on the defendants in this action, through which all defendants will obtain notice. Accordingly, the Court granted Plaintiffs' Motion to Deposit Funds. (Order (#12).)

The deposit of disputed funds fulfilled the last jurisdictional requirement. *See* 18 U.S.C. § 1335(a). Once the court acquires jurisdiction over a statutory interpleader action, 28 U.S.C. § 2361 gives the court authority to issue nationwide service of process and enjoin the parties "until further order of the court." Then the court "shall hear and determine the case . . . make the injunction permanent, and make all appropriate orders to enforce its judgment." 28 U.S.C. § 2361. Plaintiffs' Motion for Order Authorizing Nationwide Service of Process (#6) is therefore GRANTED. Because plaintiffs' have met, on a prima facie basis, the subject matter jurisdiction requirements of 28 U.S.C. § 1335, and have shown an actual and imminent threat of multiple lawsuits raising inconsistent claims (Compl. (#1) ¶ 3), I also GRANT plaintiffs' Motion for

-3-

Immediate Provisional Injunction Pursuant to Federal Interpleader Statutes (#4). Defendants are hereby restrained from instituting or prosecuting any proceeding in any State or United States court affecting the disputed $1,000,000 stake of the Hoyt Trust until further order of the Court. *See* 28 U.S.C. § 2361. Upon receiving notice, defendants will be afforded an opportunity to challenge this Court's jurisdiction and issuance of provisional injunctive relief.

    IT IS SO ORDERED.

    DATED this   28th   day of June, 2010.

                                    /s/ Michael W. Mosman
                                    MICHAEL W. MOSMAN
                                    United States District Court